UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JAMES DEAN BROWNING, | ) | CASE NO. 1:24-cv-00538 |
| | ) | |
| Plaintiff, | ) | JUDGE BRIDGET MEEHAN BRENNAN |
| | ) | |
| v. | ) | |
| | ) | |
| SOCIAL SECURITY ADMINISTRATION, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendant. | ) | |

Before the Court is the Report and Recommendation of Magistrate Judge Jonathan D. Greenberg ("R&R") recommending the Commissioner of Social Security's ("Defendant" or "Commissioner") decision be affirmed. (Doc. 13.) Plaintiff James Dean Browning ("Plaintiff" or "Browning") timely filed an objection (Doc. 14), and Defendant responded (Doc. 15).

For the following reasons, Plaintiff's objection is OVERRULED, the R&R is ACCEPTED and ADOPTED, and the final decision of the Commissioner is AFFIRMED.

I. **BACKGROUND**

A. **The Record Before the ALJ**

Plaintiff does not object to the factual record and procedural history in the R&R. (*See* Doc. 14; Doc. 13 at 1360-70.)[1] Notwithstanding, the Court summarizes those facts pertinent to evaluating Plaintiff's objection.

On August 24, 2021, Browning saw Paul A Chang, M.D., for follow up after Browning had a seizure on August 21, 2021. (Doc. 7 at 599.) Dr. Chang noted Browning was anxious and

---

[1] For ease and consistency, record citations are to the electronically stamped CM/ECF document and PageID# rather than any internal pagination.

tearful about the seizure." (*Id.* at 602) Browning followed up with Dr. Chang on September 7, 2021, and October 7, 2021. (*Id.* at 590, 596.)

On December 2, 2021, Browning underwent a Diagnostic Assessment Update at Catalyst Life Services. (*Id.* at 388-90.) Browning reported losing his job in December 2019, after having a seizure on the job. (*Id.* at 389.) He stated he struggled to find work since then. (*Id.*) Browning experienced another seizure in August 2021 and experienced three minor seizures after that. (*Id.*) He also reported getting divorced in 2017, and that his divorce still affected him. (*Id.*) Browning's diagnoses included posttraumatic stress disorder, major depressive disorder, recurrent episode, moderate, and unspecified adjustment disorder. (*Id.*)

On December 6, 2021, Browning saw Dr. Chang for follow up of his seizure disorder, hypertension, hyperlipidemia, and depression. (*Id.* at 583, 585.) Dr. Chang determined Browning's depressive disorder was not stabilized, prescribed medication for anxiety, and recommended Browning establish care with a counselor and psychiatrist. (*Id.* at 586-87.) Browning followed up with Dr. Chang regarding his depression, anxiety, seizure disorder, and hypertension on: December 14, 2021; December 28, 2021; January 31, 2022; March 29, 2022; May 24, 2022; and June 30, 2022. (*See id.* at 551-82.)

On July 12, 2022, Browning saw Courtney Leigh Brooks, CNP, for an initial psychiatric assessment. (*Id.* at 663.) Browning reported his depression had worsened since his divorce. (*Id.* at 664.) Brown saw Brooks for medication management on: July 28, 2022; September 7, 2022; November 2, 2022; January 11, 2023; January 30, 2023; March 22, 2023; April 19, 2023; and June 7, 2023. (*See id.* at 671-77, 808-85.)

On August 16, 2022, Browning saw Guy Daly, LISW, for counseling. (*Id.* at 716.) He saw Daly for continued counseling on August 24, 2022, and September 6, 2022. (*Id.* 713-15.)

There are two state agency reports. On April 4, 2022, Aracelis Rivera, Psy.D., reviewed the file and opined that Browning's mental impairments were non-severe. (*Id.* at 138.) Dr. Rivera adopted the findings from the previous Administrative Law Judge ("ALJ") decision, dated November 1, 2021. (*Id.*) On October 24, 2022, on reconsideration, Robert Baker, Ph.D., reviewed the file and opined that Browning's mental impairments were non-severe. (*Id.* at 147-48.) Dr. Baker adopted the findings from the November 1, 2021 ALJ decision. (*Id.* at 148.)

The ALJ reviewed the evidence related to Browning's mental impairments. The ALJ found Browning had severe mental impairments. (*Id.* at 76.) The ALJ explained, "The mental treatment records contain new and material evidence [to] support a worsening of the claimant's mental health since the prior Administrative Law Judge decision, where the claimant was found to have nonsevere mental impairments (B1A)." (*Id.* at 77.) The ALJ found Plaintiff had the following severe impairments: seizure disorder, generalized anxiety disorder, and major depressive disorder. (*Id.* at 75) The ALJ also concluded these impairments or combination of impairments did not meet or medically equal the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (*Id.* at 76) Plaintiff had the mental residual functional capacity to perform simple routine tasks where the work does not require more than occasional and superficial contact with others. (*Id.* at 78.) In sum, the ALJ concluded Plaintiff had not been under a disability as defined in the Social Security Act during the relevant period. (*Id.* at 84)

**B.     Procedural History**

On January 12, 2022, Plaintiff filed an application for Period of Disability ("POD") and Disability Insurance Benefits ("DIB") due to his epilepsy, skin disorder, back pain, PTSD, depression, and anxiety. (Doc. 7 at 72, 136.) He alleged an onset date of April 22, 2020. (*Id.* at

72.) On June 13, 2022, the claim was denied initially. (*Id.* at 72) On December 12, 2022, the claim was denied upon reconsideration. (*Id.*) Plaintiff requested a hearing before an ALJ. (*Id.*)

On December 7, 2023, the ALJ held a telephone hearing. (*Id.*) Plaintiff was represented by counsel at the hearing. (*Id.*) Plaintiff and an impartial vocational expert ("VE") testified. (*Id.*)

The Commissioner did not order an additional consultative examination at this time. Nor did Plaintiff or his counsel request one. Indeed, at the hearing, Plaintiff's counsel informed the ALJ that "[t]he record is complete." (*Id.* at 118.)

On January 4, 2024, the ALJ issued a decision finding Plaintiff was not disabled. (*Id.* at 72-84.) On January 23, 2024, the ALJ's decision became final when the Appeals Council declined further review. (*Id.* at 56-61.)

On March 23, 2024, Plaintiff timely commenced this action. (Doc. 1.) On July 30, 2024, Plaintiff filed a brief on the merits. (Doc. 9.) On September 13, 2024, Defendant filed its brief on the merits. (Doc. 11.) On September 27, 2024, Plaintiff timely replied. (Doc. 12.) On November 22, 2024, the Magistrate Judge issued his R&R recommending the Court affirm the Commissioner's final decision. (Doc. 13.) On December 4, 2024, Plaintiff timely objected. (Doc. 14.) On December 18, 2024, Defendant responded to Plaintiff's objection. (Doc. 15.)

II.     **STANDARD OF REVIEW**

A district court "shall make a *de novo* determination of those portions or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C) (flush language); *see Powell v. United States*, 37 F.3d 1499 (Table), 1994 WL 532926, at *1, 1994 U.S. App. LEXIS 35044 (6th Cir. Sept. 30, 1994) ("Any report and recommendation by a magistrate judge that is dispositive of a claim or defense of a party shall be subject to *de novo*

review by the district court in light of specific objections filed by any party.") (citations omitted). "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(C) (flush language).

The Social Security Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. § 423(d)(1)(A).

The impairment must prevent the claimant from doing the claimant's previous work, as well as any other work which exists in significant numbers in the region where the individual lives or in several regions of the country.  42 U.S.C. § 423(d)(2)(A).  In making a disability determination, an ALJ engages in a five-step sequential evaluation:

1. If the claimant is doing substantial gainful activity, he is not disabled.

2. If the claimant is not doing substantial gainful activity, his impairment must be severe before he can be found to be disabled.  To be severe, the claimant must have a severe medically determinable physical or mental impairment, or a combination of impairments, that must have lasted or be expected to last for at least 12 months, unless it is expected to result in death.

3. If the claimant is not doing substantial gainful activity and is suffering from a severe impairment that has lasted or is expected to last for a continuous period of at least twelve months, and his impairment meets or equals a listed impairment in Appendix 1 to Subpart P of Part 404, the claimant is presumed disabled without further inquiry.

4. If the impairment does not meet or equal a listed impairment, the ALJ must assess the claimant's residual functional capacity and use it to determine if the claimant's impairment prevents him from doing past relevant work.  If the claimant's impairment does not prevent him from doing his past relevant work, he is not disabled.

5. If the claimant is unable to perform past relevant work, he is not disabled if, based on his vocational factors and residual functional capacity, he is capable of performing other work that exists in significant numbers in the national economy.

20 C.F.R. §§ 404.1520, 416.920; *see also Quisenberry v. Comm'r of Soc. Sec.*, 757 F. App'x 422, 426 (6th Cir. 2018) (citing *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 529 (6th Cir. 1997)).

During the first four steps, the claimant has the burden of proof. *Walters*, 127 F.3d at 529. The burden shifts to the Commission at step five. *Id.*

The Court's review of the Commissioner's decision to deny benefits is limited to determining whether the ALJ applied the correct legal standards and whether the findings are supported by substantial evidence. 42 U.S.C. § 405(g); *Kyle v. Comm'r of Soc. Sec.*, 609 F.3d 847, 854 (6th Cir. 2010). "Substantial evidence is 'more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *McGlothin v. Comm'r of Soc. Sec.*, 299 F. App'x 516, 521 (6th Cir. 2008) (quoting *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007) (internal citation omitted)). If substantial evidence supports the Commissioner's finding the claimant is not disabled, that finding must be affirmed even if the reviewing court would decide the matter differently. *Cutlip v. Sec'y of Health & Hum. Servs.*, 25 F.3d 284, 286 (6th Cir. 1994) (citation omitted).

A reviewing court may not resolve conflicts in evidence or to decide questions of credibility. *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007) (citation omitted). The Commissioner's decision must be affirmed even if the claimant's position is also supported by substantial evidence. *Wallace v. Comm'r of Soc. Sec.*, 221 F.3d 1337 (6th Cir. 2000) (unpublished table decision) (citing *Casey v. Sec'y of Health and Hum. Servs.*, 987 F.2d 1230, 1233 (6th Cir. 1993)).

### III.     ANALYSIS

Plaintiff's sole objection challenges the ALJ's evaluation of his mental impairments and RFC determination. (Doc. 14 at 1383.) Plaintiff asserts the ALJ failed to identify substantial evidence supporting the mental RFC findings. (*Id.*) Plaintiff supports his assertion with three arguments: (1) the ALJ failed to build an accurate and logical bridge between the evidence and his mental RFC findings (*id.* at 1384); (2) the ALJ "inappropriately played doctor" by interpreting raw medical data (*id.* at 1387); and (3) the ALJ relied upon an insufficient record because the record does not contain a persuasive medical opinion (i*d.* at 1389). The Court addresses each argument in turn.

First, the Court is not persuaded the ALJ failed to build an accurate and logical bridge between the evidence and his mental RFC findings. A district court cannot uphold an ALJ's decision, even if there "is enough evidence in the record to support the decision, [where] the reasons given by the trier of fact do not build an accurate and logical bridge between the evidence and the result." *Fleischer v. Astrue*, 774 F. Supp. 2d 875, 877 (N.D. Ohio 2011) (citations omitted). Plaintiff argues the language the R&R highlighted from the ALJ's decision "does not explain how the evidence supports the ability to 'perform simple routine tasks not involving a fast assembly line pace or strict production quotas' . . . [and] does not explain how the evidence supports the ability to perform work with 'occasional and superficial contact with supervisors, co-workers, or the general public . . . .'" (Doc. 14 at 1385-86 (citing Doc. 7 at 78).)

The Court finds this argument without merit. As to Plaintiff's mental impairments, the ALJ found, "considering [Browning's] ongoing treatment, reports of limiting symptoms, and the abnormal mood and affect findings with the claimant tearful at times, he is found to have severe mental impairments." (Doc. 7 at 76-77.) The ALJ then discussed the relevant functional areas

of mental impairment, finding Plaintiff has: (1) "a mild limitation" in "understanding, remembering or applying information"; (2) a "moderate limitation" in "interacting with others"; (3) "a moderate limitation" in "concentrating, persisting or maintaining pace"; and (4) a "mild limitation" in " adapting or managing oneself." (*Id.* at 77.) The ALJ supported these findings by a full analysis of Plaintiff's "mental health treatment records." (*Id.*) The ALJ concluded:

> The claimant consistently had an abnormal affect consistent with his mood and was tearful a few times. He has been found moderately limited in interacting with others as a result. His abnormal affect and mood could interfere with his social interactions at work. As for concentrating, persisting and maintaining pace, despite his intact mental status exam findings, his symptoms of anxiety and depression could interference with these abilities to a moderate extent. His ability to adapt and manage himself is mildly limited given his ongoing treatment, his participation at sessions and his medication compliance.

(*Id.*) Later in the ALJ's decision, the ALJ again discussed Plaintiff's mental health treatment records. The ALJ explained: "The documented symptoms, consistently reported, and the routine findings of abnormal mood and affect with typically normal findings with regard to other areas, support severe mental impairments warranting limitation." (*Id.* at 81.) The ALJ also noted where the treatment notes conflicted with Plaintiff's hearing testimony. (*See id.* at 79-81.) The ALJ concluded "there is new and material evidence of a change in the claimant's mental functioning that would warrant a departure from the prior [ALJ's] mental [RFC]." (*Id.* at 81.) The ALJ determined Plaintiff had the mental RFC to perform simple routine tasks where the work does not require more than occasional and superficial contact with others. (*Id.* at 78.) This finding is supported by substantial evidence and the ALJ's reasoning builds an accurate and logical bridge between the evidence and the result.

Second, the Court rejects Plaintiff's assertion the ALJ "inappropriately played doctor" by interpreting "raw medical data to formulate the RFC finding," rather than relying on a medical opinion. (Doc. 14 at 1387-88.) As discussed above, the ALJ evaluated Plaintiff's mental health

treatment records in reaching his mental RFC finding. The cases Plaintiff cites where the ALJ improperly interpreted medical data, such as x-rays, are distinguishable. While ALJs are "generally unqualified to interpret raw medical data . . . an ALJ does not improperly 'interpret raw medical data' simply by evaluating the medical evidence without the benefit of a medical opinion." *Winans v. Comm'r of Soc. Sec.*, No. 5:22-CV-01793, 2023 WL 7622634, at *5, 2023 U.S. Dist. LEXIS 204232, at *10-11 (N.D. Ohio Nov. 15, 2023) (citations omitted). Courts have found "treatment notes are not raw medical data beyond the ALJ's expertise." *Id.* at *6, *12; *see also Lonnie F. v. Comm'r of Soc. Sec.*, No. 2:23-CV-890, 2024 WL 3506946, at *3, 2024 U.S. Dist. LEXIS 129700, at *7 (S.D. Ohio July 23, 2024) ("Treatment notes or reports from medical professionals . . . are not considered raw medical data beyond the ALJ's expertise.") (citations omitted). Here, the treatment notes recorded the treating doctors' observations of Browning's mental health, including symptoms of depression and anxiety. These records are within the ALJ's understanding. The ALJ did not improperly play doctor or interpret raw medical data.

Third, the Court finds Plaintiff's argument the ALJ relied on an insufficient record lacks merit. (*See* Doc. 14 at 1389-94.) "Plaintiff acknowledges there is not a brightline rule requiring a medical opinion for an RFC finding and that the Court has been divided regarding the precedential value of *Deskin*." (Doc. 14 at 1389.) But Plaintiff asserts remand is required under *Deskin v. Comm'r of Soc. Sec.*, 605 F. Supp. 2d 908 (N.D. Ohio 2008) and *Kizys v. Comm'r of Soc. Sec.*, No. 3:10-CV-25, 2011 WL 5024866, 2011 U.S. Dist. LEXIS 122296 (N.D. Ohio Oct. 21, 2011). (*Id.* at 1391.)

Plaintiff's argument conflicts with the majority of district courts to have considered *Deskin* and *Kizys*. As one court explained:

> *Deskin* is a non-binding district court decision that conflicts with the regulations and Sixth Circuit case law …. By requiring an ALJ to secure a medical opinion

>whenever the record does not contain such an opinion, subject to only limited exceptions, *Deskin* places a higher burden on the ALJ than the Sixth Circuit does.

*Winans*, 2023 WL 7622634, at *4, 2023 U.S. Dist. LEXIS 204232, at *9 (citations omitted); *see also Adams v. Colvin*, No. 1:14-cv-2097, 2015 WL 4661512, at *15, 2015 U.S. Dist. LEXIS 102588, at *38-40 (N.D. Ohio Aug. 5, 2015) (collecting cases declining to follow *Deskin*).

As the R&R correctly recognized (Doc. 13 at 1381-82), the Sixth Circuit finds no error when an ALJ formulates an RFC without any opinion evidence. *See Mokbel-Aljahmi v. Comm'r of Soc. Sec.*, 732 F. App'x 395, 401 (6th Cir. 2018); *Shepard v. Comm'r of Soc. Sec.*, 705 F. App'x 435, 442-43 (6th Cir. 2017); *Rudd v. Comm'r of Soc. Sec.*, 531 F. App'x 719, 728 (6th Cir. 2013); *Reinartz v. Comm'r of Soc. Sec.*, 795 F. App'x 448, 449 (6th Cir. 2020).  This puts Plaintiff's position in conflict with the Sixth Circuit as well.

ALJs, not physicians, are "assigned the responsibility of determining a claimant's RFC based on the evidence as a whole."  *Henderson v. Comm'r of Soc. Sec.*, No. 1:08-CV-2080, 2010 WL 750222, at *2, 2010 U.S. Dist. LEXIS 18644, at *6-7 (N.D. Ohio Mar. 2, 2010) (citing 42 U.S.C.A. § 423(d)(5)(B); 20 C.F.R. § 416.946(c)).  The record must reflect the ALJ "at least considered" medical evidence post-dating a non-examining medical opinion before giving greater weight to a medical opinion that was not "based on a review of a complete case record." *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 409 (6th Cir. 2009) (citations omitted).  But this consideration does not mandate that ALJs obtain updated medical opinions, provided the "ALJ's ultimate decision is supported by substantial evidence." *Davidson v. Comm'r of Soc. Sec.*, No. 3:22CV938, 2023 WL 5948122, *4, 2023 U.S. Dist. LEXIS 161938, at *9-10 (N.D. Ohio Sept. 13, 2023) (remand was not required even if non-examining state agency opinion was "stale") (citations omitted).

Here, the record conclusively establishes the ALJ considered the additional mental health treatment records Plaintiff submitted after the denial of his claim at the reconsideration level. (Doc. 7 at 76-82.)  The ALJ also properly considered that the state agency psychologists did not review that information in rendering their medical opinions.  (*Id.* at 76-77, 82.)  The ALJ found Plaintiff's "mental treatment records contain new and material evidence [to] support a worsening of the claimant's mental health since the prior [ALJ] decision . . . ." (*Id.* at 76-77.)  Thus, the ALJ updated Plaintiff's RFC to accommodate his mental impairments.  (*See id.* at 77-78.)

According to Plaintiff, "the ALJ properly rejected the [state agency psychologists'] opinions but failed to identify evidence beyond the ALJ's own interpretation of raw medical data as supportive of the RFC finding."  (Doc. 14 at 1392-93.)  But as discussed above, Plaintiff's mental health treatment notes are not raw medical data beyond the ALJ's expertise.

Ultimately, Plaintiff has not established an additional medical opinion was necessary.  In fact, at the hearing, the ALJ noted Plaintiff's counsel "indicated the record is complete." (Doc. 7 at 118; *see Hopkins v. Comm'r of Soc. Sec.*, 96 F. App'x 393, 395 (6th Cir. 2004) (ALJ not required to seek additional testing where plaintiff was represented by counsel, counsel did not request additional medical testing, and plaintiff's conditions were documented in the record).) "An ALJ has discretion to determine whether further evidence, such as additional testing or expert testimony, is necessary.  *Foster v. Halter*, 279 F.3d 348, 355 (6th Cir. 2001) (citations omitted).  The ALJ acted within his discretion here.  The ALJ appropriately based Plaintiff's mental RFC on all the relevant record evidence, including the mental health treatment notes.  *See Skibski v. Comm'r of Soc. Sec.*, No. 3:23-CV-01554, 2024 WL 3387290, at *14, 2024 U.S. Dist. Lexis 123983, at *40-41 (N.D. Ohio July 9, 2024) (ALJ did not fail to develop record that had no medical opinion of plaintiff's mental capabilities—ALJ based RFC on all relevant record

evidence), *objections overruled and R&R adopted*, No. 3:23 CV 1554, 2024 WL 3896771, 2024 U.S. Dist. LEXIS 150124 (N.D. Ohio Aug. 22, 2024) ("the Sixth Circuit finds no error when an ALJ formulates an RFC without any opinion evidence") (citations omitted).

In short, the Court finds substantial evidence supports the ALJ's mental RFC findings. The Court agrees with the R&R's recommendation that the Commissioner's decision should be affirmed.

### IV.    CONCLUSION

For the reasons stated herein, Plaintiff's objection is OVERRULED, the R&R is ACCEPTED and ADOPTED, and the final decision of the Commissioner is AFFIRMED.

**IT IS SO ORDERED.**

Date:  February 21, 2025

BRIDGET MEEHAN BRENNAN
UNITED STATES DISTRICT JUDGE